IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DELORES D. FOWLER                                                             PLAINTIFF

V.                                          NO. 10-3018

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Delores D. Fowler, brings this action for disabled widow's benefits pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for benefits under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g)

Plaintiff protectively filed her application for disabled widow's benefits on January 10, 2007, alleging an inability to work since March 1, 2006, due to depression, anxiety, back and neck pain, right leg pain, and heart problems. (Tr. 100, 104). An administrative hearing was held on December 18, 2008, at which Plaintiff appeared with her pastor as her representative, and Plaintiff and a friend of hers testified. (Tr. 6-29).

By written decision dated August 10, 2009, the ALJ found Plaintiff's prescribed period began on November 13, 2004, the date the wage earner died, and the Plaintiff must therefore establish that her disability began on or before November 30, 2011, in order to be entitled to

disabled widow's benefits. (Tr. 35); See 20 C.F.R. § 404.335. The ALJ also found that Plaintiff had an impairment or combination of impairments that were severe - osteoarthritis, rheumatoid arthritis, and mood disorders. (Tr. 37). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 38). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> occasionally lift/carry 50 pounds and frequently lift/carry 25 pounds. She can sit for six hours and stand/walk for six hours in an eight hour workday. She has moderate restrictions in maintaining social functioning and persistence, pace, and concentration and is moderately limited in the ability to understand, remember, and carry out detailed instructions, respond appropriately to usual work situations and routine work changes, and interact appropriately with supervisors, co-workers, and the public. In addition, she can do work in which interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment required, and supervision is simple, direct and concrete.

(Tr. 39). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work, such as: dishwasher/kitchen helper; housekeeper/cleaner; and poultry production/eviscerator and boner. (Tr. 43-44).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 21, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc.5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Two years after the general physical examination was conducted by Dr. Shannon Brownfield, and five months before the ALJ issued his decision, Plaintiff was diagnosed with rheumatoid arthritis by Dr. Kashif Mufti, of the Rheumatology Clinic. (Tr. 212-217, 219-224).

AO72A
(Rev. 8/82)

In his August 10, 2009 decision, the ALJ addressed Plaintiff's rheumatoid arthritis, when discussing Plaintiff's RFC, as follows:

> X-rays of Ms. Fowler's hands were normal, and x-rays of her feet showed only mild bilateral hallux valgus. Laboratory testing was positive for rheumatoid arthritis, and Ms. Fowler was diagnosed with moderate disease activity and started on appropriate medications. There are no records available subsequent to her initial diagnosis to substantiate her response to the prescribed treatment (Exhibit 7F).

(Tr. 41).

Without a recent Physical RFC Assessment, the Court fails to see how the ALJ could adequately assess Plaintiff's RFC in light of her diagnosis of rheumatoid arthritis. The Court therefore finds it appropriate to remand this matter to the ALJ in order for him to obtain a Physical RFC assessment from Dr. Kashif Mufti, or another examining physician. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC, and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the new information and supported by the evidence.

## IV.  Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of May, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)