IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DELORES D. FOWLER                                                                    PLAINTIFF

V.                                              NO. 10-3018

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                  DEFENDANT

**O R D E R**

Plaintiff, Delores D. Fowler, appealed the Commissioner's denial of benefits to the Court. On May 27, 2011, a Judgment was entered remanding Plaintiff's case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g). (Doc.13). Plaintiff now moves for an award of $1,898.35 in attorney's fees, and $60.85 in costs, under 28 U.S.C. §2412, the Equal Access to Justice Act (hereinafter "EAJA"). Defendant has filed a response to Plaintiff's application, stating that he does not object to Plaintiff's application for attorney fees. (Doc. 16).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the

AO72A
(Rev. 8/82)

following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's counsel requests an award under the EAJA at an hourly rate of $155.00 for 8.25 hours of work performed by the attorney and an hourly rate of $75.00 for 7.45 hours of

work performed by the paralegal in 2010 and 2011, which he asserts was devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a copy of the CPI with his request for fees. In addition, the Defendant does not object to the $155.00 hourly rate. The Court will therefore award Plaintiff's counsel an hourly rate of $155.00.

Plaintiff's counsel seeks .55 hours for paralegal time associated with preparing and filing a "Motion for Extension of Time to file Brief." Plaintiff's counsel was given ample time to file a brief on behalf of his client and should not be allowed compensation for work performed as a result of his inability to meet the deadlines set by this Court. Accordingly, .55 hours will be deducted from the paralegal time sought by counsel.

Based upon the foregoing, the Court finds that Plaintiff should be awarded attorney's fees under the EAJA for: 8.25 attorney hours at a rate of $155.00 per hour, and for 6.9 paralegal hours (7.45 hours - .55 hours) at a rate of $75.00 per hour, for a total attorney's fee award of

$1,796.25, plus $60.85 in costs. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED AND ADJUDGED this 2nd day of December, 2011.

　　　　　　　　　　　　　　　　　/s/ *Erin L. Setser*
　　　　　　　　　　　　　　　　　HONORABLE ERIN L. SETSER
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)